IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE JAMES BARBER,           )
AIS # 273254,                  )
                               )
        Plaintiff,             )
                               )
v.                             )        CIVIL ACTION NO.  2:11cv1044-WHA
                               )                    (WO)
OFFICER RODGERS, *et al.*,     )
                               )
        Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed

by the plaintiff, Willie James Barber ("Barber"), a state inmate, on December 28, 2011.

Barber challenges actions allegedly taken against him during his incarceration at Easterling

Correctional Facility in Clio, Alabama.  Specifically, Barber alleges that the defendants

released personal information about him to inmates that jeopardized his safety.  He further

alleges that drugs were placed in his food which allowed him to be sexually abused while he

was unconscious from the medication.  He names as defendants Captain Gwendolyn Babers,

Correctional Officer Wayne Rodgers, Sargent Kenneth Drake and Warden Louis Boyd.

Pursuant to the orders of the court, the defendants have filed a special report and

relevant supporting evidentiary materials in response to the complaint.  The plaintiff was

instructed to file a response to the special report and informed that at any time after the filing

of his response, the special report could be treated by the court as a motion for summary

judgment.  The court also explained to the plaintiff the proper manner in which to respond

to a motion for summary judgment. The plaintiff has filed a response. Thus, this case is now before the court on the defendants' motion for summary judgment. Upon consideration of the motion, the plaintiff's response in opposition, and the evidentiary materials filed in support of and against the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

there is no dispute of material fact or by showing that the nonmoving party has failed to

present evidence in support of some element of its case on which it bears the ultimate burden

of proof. *Id.* at 322-324.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment.  In respect to the latter, our inferences must accord
> deference to the views of prison authorities.  Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Once the movant meets

his evidentiary burden and demonstrates the absence of a genuine dispute of material fact,

the burden shifts to the non-moving party to establish, with appropriate evidence beyond the

pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*,

929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party

asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A)

citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials;

or (B) showing that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

A genuine dispute of material fact exists when the nonmoving party produces evidence that

would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at

1263.

Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs*., 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant.

*United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## II. DISCUSSION

According to the plaintiff, after he arrived at Easterling Correctional Facility in February 2011, he "became aware that [he] was being targeted or watched for no apparent reason, by staff and inmates alike whom was known in the institution to be informers to the staff." (Doc. # 20, Ex. 1, Aff.)  Barber contends that his food was taken to an isolated spot and adulterated.  (*Id*.)  Thereafter, he became sick and passed out.  He awoke in the infirmary.  Barber asserts that he "reported to the medical staff that [he] thought he may have been sexually assaulted" because he was experiencing pain in his abdomen, testicles and rectum.[2]  (*Id*.)

First, Barber claims that the defendants should be held liable for acts of their subordinates.  (Doc. # 20).  Of course, the law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability).  It "is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondent superior."  *Brown*, 906 F.2d at 671.  A supervisor must have either participated in the constitutional deprivation, or taken actions linked to the deprivation

---

[2]  In opposition to the motion for summary judgment, Barber contends that he reported the sexual abuse to a Sargent Gordy when she visited the Childersburg Community Work Center.  He concedes that he did not report the alleged assault to any of the named defendants.  (Doc. # 20, Ex. 1)

through a causal connection. This link can be established when a history of abuse puts the supervisor on notice of deprivations and the supervisor fails to correct them, when improper custom or policy breed indifference to constitutional rights, or when the "supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008).

Barber does not allege that any of the defendants personally participated in the actions about which he complains.  Additionally, Barber fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Warden Boyd, or any of the other defendants and the alleged constitutional deprivations.  A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006). Barber presents absolutely no evidence showing that the defendants participated in the actions about which he complains, had any knowledge of any alleged violations of his constitutional rights or otherwise are subject to liability for actions of any subordinates. Therefore, summary judgment is due to be granted in their favor on this basis.

Barber also alleges that his food was adulterated with drugs which caused him to become unconscious and allowed him to be sexually assaulted.  It is undeniable that Barber possesses a significant liberty interest in avoiding the unwanted administration of mood altering drugs under the Due Process Clause of the Fourteenth Amendment. *See Washington*

*v. Harper*, 494 U.S. 210, 221-22 (1990).  Additionally, a correctional official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'  *Id.* at 825.  A plaintiff must also show that the constitutional violation caused his injuries."  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001).

At this juncture, Barber is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To circumvent entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-1029 (same).

The difficulty for Barber is that he has presented to the court absolutely no evidence which supports his adulterated food claim or his claim that he was sexually assaulted while

unconscious.  A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris, supra*; *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  And although the court must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation, a pro se litigant does not escape the essential burden under summary judgment standards of establishing that "there is a genuine . . . [dispute] as to a fact material to his case in order to avert summary judgment."  *Brown*, 906 F.2d at 670 (A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis or any medical examination evidence supporting those allegations).  Barber has submitted no evidence substantiating his contention that drugs were placed in his food.  Nor has he submitted any evidence that he was sexually assaulted while unconscious or that these defendants knew he was at risk for an assault.  The record is completely devoid of evidence that these defendants were deliberate indifferent to any risk of harm to Barber.  Barber presents no evidence of an objectively substantial risk of serious harm nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by the named defendants, each of which is a required element of the instant Eighth Amendment claim.  In other words, Barber has failed to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson, supra*; FED.R.CIV.P. 56(e)(1).  In the absence of such proof creating a genuine dispute, the defendants are entitled to summary judgment.

Finally, to prevail against the defendants in their individual capacities, the plaintiff must show that these defendants were personally involved in acts or omissions that resulted in the alleged constitutional deprivation. *Hale*, *supra*. The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 990 (11th Cir. 1995). Barber does not allege that these defendants took any actions related to his claims. He presents no facts from which the court could conclude that there is a genuine dispute of material fact regarding whether the named defendants were involved in any of the actions about which Barber complains.[3]

For the reasons as stated, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be GRANTED, that this case be DISMISSED with prejudice, and that costs be TAXED AGAINST the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 5, 2014**. Any objections filed must specifically identify the findings in

---

[3] To the extent that the plaintiff complains that the defendants "released personal information to inmates that jeopardized his safety," summary judgment is due to be granted on this claim. Barber does not identify any information that was alleged released. He does not name the defendants who alleged released information nor does he detail any harm he suffered as a result of the alleged release of information. The defendants, in sworn affidavits, deny releasing any information about Barber. Therefore, to survive summary judgment, Barber must come forward with some admissible evidence substantiating his claim. This he has failed to do.

the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of November, 2014.


                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE